CHIEF JUSTICE HARDIN
delivered the opinion oe the court.
The appellants, four insurance companies, located and incorporated by law in the state of "West Virginia, instituted this suit in equity, in September, 1871, against the Louisville & Arkansas Packet Company upon several contracts of the defendant for the insurance of its steamboats plying between the city of Louisville, Ky., and certain points in the state of Arkansas, the claims amounting in the aggregate to two thousand four hundred and thirty dollars; for which, and the probable costs of the suit, an order of attachment was sued out and levied on the defendant’s boats — Glasgow, R. C. Gray, and Pink Varble. Afterward the plaintiffs filed an amended petition, making John B. Castleman a defendant, to whom, as they allege, the Packet Company had made an assignment of its property and effects, and seeking to enforce as against him as assignee their claims and lien under the attachment. . Castle-man defended the action, not only controverting the alleged grounds of the attachment, but also the validity of all of the contracts of insurance as having been made by the plaintiffs in the state of Kentucky by T. B. Wayley, their agent, in violation of the law of this state, they being only incorporated by the laws of another state, and having wholly failed to comply with the conditions prescribed by the law of this state upon which alone they could through their agent have lawfully transacted within it any business of insurance.
There is some contrariety of evidence as to the capacity in which Wayley acted in effecting the contracts of insurance; but whether his attitude was that of an employed and accredited agent of the plaintiffs or a mere insurance broker, it is clear from the evidence that he delivered the policies and took the notes of the defendant for the plaintiffs at Louisville, Ky., and thus on their behalf consummated the contracts, and did so without complying with our laws in regard to foreign insurance companies, and for that service he was adequately *592 compensated by tbe plaintiffs. Upon th'ese facts the court below properly adjudged that the contracts were in violation of law, and could not be enforced in the courts of this state.
We can not think that any argument is necessary in this case in support of the power of the legislature to prescribe and regulate by law, as was done by the act approved March 12, 1870 (1 Acts 1869-70), the terms and conditions on which fire, marine, and other insurance companies not located or incorporated in this state should be allowed to conduct the important business of insurance within it; and it seems to us that that act, by its terms, details, and manifest objects, clearly imports a legislative purpose and intention not only to prevent certain violations of the act by the imposition of penalties, but to render it absolutely unlawful for foreign insurance corporations by their agents, as in this case, to make contracts of insurance within the state, without complying with and in disregard of the provisions of the act.
This is particularly manifest from the twenty-fourth section of the statute, declaring it unlawful for such corporations to do insurance business in the state without an actual paid-up capital of one hundred and fifty thousand dollars; and by the twenty-fifth section, rendering the transacting of insurance business in this state by the agents of foreign companies unlawful if done without the obtaining of a license from the auditor of public accounts.
Construing the statute as we do, as not intended merely as a means of raising revenue from the business of insurance, but to affect the validity of contracts of insurance made in violation of it — or, in other words, to prohibit the business itself so far as carried on in violation of the law — the contracts of insurance sought to be enforced in this case were illegal, and the court below properly refused to enforce them. (Lindsey v. Rutherford, 17 B. Mon. 245; Chitty on Contracts, 419.)
Wherefore the judgment is affirmed.